## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**RICHARD MATTHEW MOORE**     **PLAINTIFF**

**V.**     **NO. 1:25-CV-12-DMB-DAS**

**ITAWAMBA COUNTY,**
**MISSISSIPPI, et al.**     **DEFENDANTS**

### ORDER

Richard Matthew Moore objects to United States Magistrate Judge David A. Sanders' report and recommendation to dismiss his pro se complaint and deny his pro se motion to proceed in forma pauperis. Because Moore's objections are conclusory and too general to merit consideration, the objections will be overruled, the report and recommendation will be adopted by the Court, and Moore's post-objection motions will be denied as moot.

### I
### Procedural History

On January 27, 2025, Richard Matthew Moore filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Itawamba County, Mississippi; Justice Court Judge Harold Holcomb, "in his official and personal capacities;" Sheriff Mitchell Nabors, "in his official and personal capacities;" and Bradford Nabors, "in his official and personal capacities." Doc. #1. In the complaint, Moore asserts claims "under 42 U.S.C. § 1983 to redress [alleged] violations of [his] constitutional rights under the First, Fourth, and Fourteenth Amendments" based on factual allegations that on November 2, 2024, he was served with two civil complaints filed by Mitchell and Bradford[1] regarding his publishing on his YouTube channel, USAGSA, that Mitchell was caught in bed with a 14-year-old girl and that Bradford participated

---

[1] To avoid confusion, the Court uses these parties' first names since they have the same surname.

in targeted harassment and community-oriented policing against him approximately three years earlier; on December 3, 2024, Holcomb entered default judgments against him in favor of Mitchell and Bradford for $3,585 each, required him to remove any existing posts, videos, or references to Mitchell and Bradford from social media platforms, and prohibited him from publishing any similar content in the future; and Holcomb refused his request for a continuance for him to obtain legal representation. *Id.* at 1, 3–4. The same day he filed the complaint, Moore filed a motion to proceed in forma pauperis without prepaying fees or costs. Doc. #2.

On February 7, 2025, United States Magistrate Judge David A. Sanders issued a report ("R&R") recommending that Moore's pro se motion to proceed in forma pauperis be denied and that Moore's pro se complaint "be dismissed for lack of subject matter jurisdiction, for failure to state a claim on which relief may be granted, and for seeking monetary relief against defendants who are immune from such relief." Doc. #7 at PageID 37. In recommending the complaint's dismissal, the R&R concluded that Moore's "claims herein are merely collateral attacks on the state court's judgments under the guise of a federal civil rights action" and "[u]nder the *Rooker-Feldman* doctrine, federal district courts do not have subject matter jurisdiction to review and reverse unfavorable state-court judgments;" alternatively, "Justice Court Judge Harold Holcomb enjoys absolute immunity from suit because [Moore's] allegations against him involve acts that were judicial in nature;" and Moore "has not alleged any facts to indicate that any policy-making officials for Itawamba County, Mississippi, implemented an official policy that caused any of his alleged constitutional violations, nor has he alleged a persistent pattern of conduct by county officials that caused the alleged constitutional violations."[2] *Id.* at PageID 34, 36, 37. In

---

[2] The R&R notes that the complaint "purports to assert claims against [Mitchell] in his official and individual capacities; however, there are no factual allegations supporting any action taken by [Mitchell] in his official capacity." Doc. #7 at PageID 32 n.1.

2

recommending the denial of Moore's in forma pauperis motion, the R&R relied on its assessment of the lack of viability of Moore's complaint. *Id.* at PageID 37.

Moore timely filed "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation" on February 13, 2025.[3] Doc. #9.

On April 28, 2025, Moore filed a motion for a temporary restraining order and preliminary injunction against the defendants. Doc. #11. Three days later, Moore filed an "Emergency Motion to Expedite Ruling on Motion to Proceed in Forma Pauperis, or in the Alternative, Request for Status Conference." Doc. #12.

# II
# Standard

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[P]lain error review applies 'where a party did not object to a magistrate judge's finding of fact, conclusions of law, or recommendation to the district court' despite being 'served with notice of the consequences of failing to object.'" *Quintero v. State of Tex. – Health and Hum. Servs. Comm'n*, No. 22-50916, 2023 WL 5236785, at *1 (5th Cir. Aug. 15, 2023) (citation omitted). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017). "Frivolous, *conclusive* or general objections need not be considered by the district court." *Mosley v. Quarterman*, 306 Fed. App'x 40, 42 n.2 (5th Cir. 2008) (emphasis in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982)); *accord Scott v. Pyles*, 596 F. Supp. 3d 623, 627 (S.D. Miss. Mar. 31, 2022).

---

[3] The R&R warned that "[f]ailure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court." *Id.* at PageID 37.

3

## III
## Discussion

In objecting to the recommendation that his complaint be dismissed, all Moore offers are his conclusory statements that his complaint "raises serious allegations of misconduct and constitutional violations by Defendants;" "[t]hese issues are of grave importance not only to [him] personally, but also potentially to other individuals subjected to similar treatment;" and his "claims are **not** frivolous; they present genuine disputes of facts and law suitable for adjudication." Doc. #9 at PageID 40 (emphasis in original). In objecting to the recommendation to deny his in forma pauperis motion, Moore submits that he is "indigent and has provided information demonstrating financial hardship," and [d]enying [his] IFP motion would effectively bar [him] from seeking justice and redress for the alleged violations of his constitutional rights." *Id*.

Moore's objections are not only conclusory but also general because they fail to specifically and substantively address the R&R's reasoning and cited authority for its recommendations. For these reasons, Moore's objections need not, and will not, be considered by this Court, and are overruled accordingly.[4] *Mosley*, 306 Fed. App'x at 42 n.2. Because the Court concludes that the R&R's recommendations are neither erroneous nor contrary to law, the recommendations will be adopted.

---

[4] Moore's objections would be overruled regardless. Moore's alleged injuries stem from the "two civil complaints filed by Defendants Mitchell Nabors and Bradford Nabors in Itawamba County Justice Court" and "ongoing harassment under community-oriented policing programs" by Bradford. Doc. #1 at 3, 5. This Court lacks jurisdiction over collateral attacks on the outcome of the state court civil cases against Moore. *Price v. Porter*, 351 Fed. App'x 925, 926–27 (5th Cir. 2009). And while county officials are "persons" under 42 U.S.C. § 1983, *Daves v. Dallas County*, 22 F.4th 522, 532 (5th Cir. 2022), "[p]rivate individuals generally are not considered to act under color of law" except when "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State,'" *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (quoting *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004)). Moore's complaint alleges that Bradford is a "state actor employed by or acting in concert with law enforcement" and that Bradford participated in "systematic targeting and harassment of [Moore] under the guise of community-oriented policing." Doc. #1 at 2, 5. But the complaint does not allege any facts to support such or to establish an official policy motivated the constitutional violations alleged or a policymaker responsible for the policy, as required by *Monell* and its progeny. *Edwards v. City of Balch Springs*, 70 F.4th 302, 307–08 (5th Cir. 2023).

## IV
## Conclusion

Moore's objections [9] are **OVERRULED**; the R&R [7] is **ADOPTED** as the order of the Court; Moore's motion to proceed in forma pauperis [2] is **DENIED**; Moore's complaint is **DISMISSED without prejudice**; Moore's motion for a temporary restraining order and preliminary injunction [11] is **DENIED as moot**; and Moore's motion to expedite [12] is **DENIED as moot**.

**SO ORDERED**, this 12th day of May, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**